UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIOLET HAMILTON,

       Plaintiff,

-against-

NEW YORK STATE JUSTICE CENTER,

       Defendants.

23-CV-04697 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is appearing *pro se*, invokes the Court's federal question jurisdiction, alleging that Defendant "violated [her] rights." (ECF 1, at 2.) She sues the New York State Justice Center, which the Court understands to be the New York Justice Center for Protection of People with Special Needs ("Justice Center"). By order dated June 6, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint but grants Plaintiff 60 days' leave to replead her claims in an amended complaint.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings her claims using the court's general complaint form. She checks the box to invoke the court's federal question jurisdiction, and in response to the question asking which of her federal constitutional or federal statutory rights have been violated, Plaintiff states, "[t]he NYS Justice Center violated my rights." (ECF 1, at 2.)[1] She states that the events underlying her claims occurred in New York, New York on May 26, 2021. (*Id.* at 5.)

The following allegations are taken from the complaint. Plaintiff claims that the Justice Center "did not conduct a proper investigation" and that "[t]hey did so based entirely on hearsay." (*Id*.) The Justice Center "blacklisted [her] from working in the social services field" when they "labeled [her] case category [three]." (*Id*. at 2.) Plaintiff alleges she "[has] no history of abuse to any of [the] clients" and that the Justice Center "has defamed [her] character without any substantial evidence." (*Id.* at 8) (emphasis omitted).

Plaintiff alleges that the injuries she suffered as a result of Defendant's actions include the loss of her "home, car, employment and reputation." (*Id*. at 6.) Prior to Defendant's actions, Plaintiff had "[ten] year[s'] experience in social services." (*Id.*) She currently "reside[s] in a

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless indicated otherwise.

homeless shelter and [is] on public assistance." (*Id.*) Plaintiff states she holds a master's degree in social services, but "[has] not been able to find employment in this field" following the alleged incident. (*Id.* at 8.)

Plaintiff seeks money damages.

## DISCUSSION

### A.   Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. (*Id.*)

Here, Plaintiff does not allege enough facts to suggest a plausible claim for relief. Plaintiff alleges that the "Justice Center violated [her] rights when it did not complete a thorough investigation and went off hearsay." (ECF 1, at 2). She does not explain which of her rights the Defendant has violated. Nor does she provide any factual context regarding the "investigation" it conducted, why she believes the investigation was improperly conducted, or the "hearsay" on which it relied. Plaintiff further claims she was "blacklisted from working in social services" because the Justice Center "labeled [her] case Category 3" (*id.*), but she does not provide any factual context for these allegations: she does not explain what she means by being "blacklisted,"

3

nor does she allege any facts connecting her inability to find work in the social services field to the alleged "blacklisting."

The Court grants Plaintiff 60 days' leave to file an amended complaint alleging additional facts to state a plausible claim for relief.

**B.      Claims under 42 U.S.C. § 1983**

Because Plaintiff invokes the Court's federal question jurisdiction and seeks money damages, the Court construes her allegations as asserting claims under 42 U.S.C. § 1983 that Defendant violated her federal constitutional rights. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**C.      Liable Defendants**

   1.      Eleventh Amendment Immunity

Plaintiff names the Justice Center as the sole defendant. However, the Justice Center is a New York State agency. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. The Justice Center is an agency within the New York State Executive Department that is authorized to investigate incidents of neglect, abuse, or injury of persons with disabilities or special needs receiving services in facilities or provider agencies. *See* N.Y. Exec. Law § 553(1)(a); N.Y. Soc. Serv. Law § 492. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting

4

Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's Section 1983 claims against the Justice Center as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

    2.    Individual Justice Center Employees

While the Justice Center itself is a state agency immune from suit under the Eleventh Amendment, employees of the Justice Center are considered state actors who may be held liable under Section 1983. *See Walker v. NYS Justice Center for Protection of People with Special Needs*, 493 F. Supp. 3d 239, 249-50 (S.D.N.Y. Oct. 8, 2020).

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff's complaint does not allege facts showing how any individual Justice Center employee was personally involved in the events underlying her claims. The Court grants Plaintiff leave to replead her claims in an amended complaint naming as defendants any individual Justice Center employees who were personally and directly involved in the events giving rise to her claims.

**D.     Procedural Due Process**

Plaintiff's allegations regarding the Justice Center's investigation and its alleged "blacklisting" of her may be an attempt to assert a procedural due process claim under the Fourteenth Amendment. The two threshold questions in any Section 1983 claim for denial of procedural due process are "whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995); *Bryant v. New York State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012) ("A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest . . . and (2) deprivation of that interest without due process.").

Plaintiff alleges that Defendant "defam[ed] her character" and "blacklisted" her, rendering her unable to get a job in the field of social services. (EFC 1, at 1, 5.) Although "damage to one's reputation is not by itself sufficient to invoke the procedural protection of the Due Process Clause," Plaintiff may be able to allege infringement of a protected liberty interest by showing that the Justice Center's investigation resulted in "stigma plus." *Valmonte v. Bane*, 18 F.3d 992, 999, 1000-02 (2d Cir. 1994) (citation and internal quotation marks omitted); *see Tafuto v. New York State Off. for Child. & Fam. Servs.*, No. 08-CV-8433 (LTS) (THK), 2012 WL 4459803, at *5 (S.D.N.Y. Sept. 25, 2012) ("[T]he impact that defamation might have on job prospects . . . self-esteem, or any other typical consequence of a bad reputation are not, by themselves, constitutionally cognizable injuries." (internal quotation marks and citations omitted)). To state a stigma plus claim, a plaintiff must allege facts suggesting "both '(1) the utterance of a statement about her that is injurious to her reputation, that is capable of being proved false, and that . . . she claims is false, and (2) some tangible and material state-imposed burden . . . in addition to the stigmatizing statement.'" *Kalderon v. Finkelstein,* 495 F. App'x 103,

107 (2d Cir. 2012) (alterations in original) (quoting *Velez v. Levy,* 401 F.3d 75, 87 (2d Cir. 2005)); *see Tafuto*, 2012 WL 4459803, at *6) (the plus factor is "a tangible burden placed on her business prospects by the formal operation of law" (internal quotation marks and citations omitted)).

In addition to alleging that she was denied a protected liberty interest, a plaintiff must allege facts suggesting that she was denied that interest without due process. "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted). Ordinarily, due process requires a pre-deprivation hearing in order to prevent wrongful losses from occurring. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542-43 (1985). Where there are adequate post-deprivation procedures, however, a state may be excused from providing pre-deprivation process when exigent circumstances require that to act quickly. *See Gilbert v. Homar*, 520 U.S. 924, 930 (1997); *Barry v. Barchi*, 443 U.S. 55, 66 (1979). In this instance, a state official's random and unauthorized act does not violate a person's right to procedural due process if a meaningful post-deprivation remedy is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986); *Parratt v. Taylor*, 451 U.S. 527, 540-43 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 230-31 (1986); *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996).

The Justice Center is a state agency that is "authorized to investigate incidents of neglect, abuse, or injury of persons with disabilities or special needs receiving services in facilities or provider agencies." *Walker*, 493 F. Supp. 3d at 243. Following the investigation, the findings are reported in "a statewide vulnerable persons' central register ('VPCR')." *Id*. Once the report is filed, the subject of the investigation is notified of their option to file an administrative appeal in order to amend the report. *See id*. Once a request to amend is submitted, the Justice Center's

administrative appeals unit reviews the report. If the administrative appeals unit declines to amend the findings, the subject may request a hearing before an administrative law judge ("ALJ"). The ALJ's report and recommendation will then go to the Justice Center's Executive Director for a final decision. *See id.* at 243-44.

The Court grants Plaintiff leave to file an amended complaint to assert a Section 1983 claim for violation of her procedural due process rights. If Plaintiff files an amended complaint, she must demonstrate that she had a liberty interest by alleging facts suggesting that the defendant made a false statement that damaged her reputation and that she experienced a state-imposed burden. Plaintiff must also allege facts suggesting that the pre-deprivation procedures were inadequate or that the post-deprivation procedures were unavailable to her.

E.   **Claims under State Law**

Plaintiff also asserts claims of defamation of character. (ECF 1, at 5.) Defamation is a state-law claim, however, and Plaintiff has not alleged facts suggesting that the court has diversity of citizenship jurisdiction under 28 U.S.C. § 1332 to consider her state law claims.[2] A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal

---

[2] To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Here, Plaintiff fails to demonstrate diversity of citizenship because both she and Defendant are citizens of New York.

claims of which the court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of Plaintiff's state law claims. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## LEAVE TO REPLEAD

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim for violation of her right to due process, the Court grants Plaintiff 60 days' leave to file an amended complaint to detail her claims.

Plaintiff must name as the defendant(s) in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe"

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

in both the caption and the body of the amended complaint. The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted and as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court declines to exercise supplemental jurisdiction of Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).

The Court grants Plaintiff 60 days' leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-4697 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to issue judgment consistent with this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 7, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____                 \_\_\_\_ Civ. _____ ( \_\_\_\_ )
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*                **AMENDED COMPLAINT**

-against-

_____           Jury Trial:   ☐ Yes    ☐ No
_____                              (check one)
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.     Parties in this complaint:**

A.     List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff        Name _____
                 Street Address _____
                 County, City _____
                 State & Zip Code _____
                 Telephone Number _____

B.     List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                      1

Defendant No. 1    Name _____

                          Street Address _____

                          County, City _____

                          State & Zip Code _____

                          Telephone Number _____

Defendant No. 2    Name _____

                          Street Address _____

                          County, City _____

                          State & Zip Code _____

                          Telephone Number _____

Defendant No. 3    Name _____

                          Street Address _____

                          County, City _____

                          State & Zip Code _____

                          Telephone Number _____

Defendant No. 4    Name _____

                          Street Address _____

                          County, City _____

                          State & Zip Code _____

                          Telephone Number _____

**II.**    **Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.     What is the basis for federal court jurisdiction? *(check all that apply)*

         ☐ Federal Questions           ☐ Diversity of Citizenship

B.     If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____
_____
_____

C.     If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

        Plaintiff(s) state(s) of citizenship _____

        Defendant(s) state(s) of citizenship _____

        _____

**III.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.  Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____
_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____
_____
_____

C.    Facts: _____
_____

**What happened to you?**

_____
_____
_____

**Who did what?**

_____
_____
_____
_____

**Was anyone else involved?**

_____
_____

**Who else saw what happened?**

_____
_____
_____
_____

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____
_____
_____
_____
_____
_____
_____

**V.     Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20__.

                               Signature of Plaintiff      _____

                               Mailing Address            _____

                                                                            _____

                                                                            _____

                               Telephone Number        _____

                               Fax Number *(if you have one)*   _____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                               Signature of Plaintiff:       _____

                               Inmate Number              _____

*Rev. 12/2009*     4