UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIOLET HAMILTON,<br><br>                              Plaintiff,<br><br>-against-<br><br>NEW YORK STATE JUSTICE CENTER,<br><br>                              Defendant. | 23-CV-4697 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint alleging that Defendant New York State Justice Center violated her rights. By order dated August 7, 2023, the Court dismissed the complaint, but granted Plaintiff leave to replead a claim under 42 U.S.C. § 1983 for violation of her constitutional right to due process. Plaintiff filed an amended complaint on October 6, 2023, and the Court has reviewed it. The Court dismisses this action for the reasons set forth below.

## BACKGROUND

In the original complaint, Plaintiff alleged that the New York State Justice Center for Protection of People with Special Needs ("Justice Center") violated her rights when it investigated a complaint of abuse against her when she was employed by New York Foundling, a private nonprofit organization. She asserted that the Justice Center "defamed [her] character without any substantial evidence" (ECF 1, at 8), and because of its investigation she has been "blacklisted . . . from working in the social services field." (*Id.* at 2).

By order dated August 7, 2023, the Court dismissed the complaint but granted Plaintiff leave to replead a due process claim under 42 U.S.C. § 1983. Specifically, the Court determined that the complaint did not comply with Rule 8 of the Federal Rules of Civil Procedure because

Plaintiff's vague allegations were insufficient to suggest a plausible claim for relief. (ECF 4, at 3-4.) Because Plaintiff invoked the Court's federal question jurisdiction and sought money damages, the Court construed her allegations as attempting to assert a claim under Section 1983 that the Justice Center violated her federal constitutional rights. The Court dismissed Plaintiff's Section 1983 claims against the Justice Center because the Justice Center is a New York State agency and is therefore immune from suit for damages under the Eleventh Amendment. (*Id.* at 4-5.) The Court noted that while individual Justice Center employees are subject to suit under Section 1983, Plaintiff did not allege any facts showing how any individual Justice Center employee was personally involved in the events underlying her claims. (*Id.* at 5.)

Because Plaintiff's allegations regarding the Justice Center's investigation and its alleged "blackballing" of her may have been an attempt to assert a procedural due process claim under the Fourteenth Amendment, the Court granted Plaintiff leave to allege facts suggesting that an individual defendant made a false statement that damaged her reputation, that she experienced a state-imposed burden, and that the pre-deprivation procedures were inadequate or that the post-deprivation procedures were unavailable to her.

Finally, the Court noted that defamation is a state law claim and that Plaintiff did not allege facts suggesting that the Court had diversity of citizenship jurisdiction of such a claim.

The Court granted Plaintiff leave to replead a viable Section 1983 claim for a violation of her due process rights.

Plaintiff filed an amended complaint on October 6, 2023. She again names the Justice Center as the sole defendant, and asserts claims for "defamation of character" and claims under the Sedition Act of 1798. The following allegations are taken from the amended complaint. In August 2019, Plaintiff joined New York Foundling as a Residential Assistant Manager and

Qualified Intellectual Disabilities Professional ("QIDP"). As a QIDP, she was "responsible for updating the Individualized Plan of Protection ("IPOP") and Staff Action Plans ("SAP") in line with the doctor's order and/or Care Manager's Lifeplan." (ECF 5, at 1.) Plaintiff was never informed that Pedro, presumably a resident, "has a Line-of-Sight level of supervision, meaning he needed to be watched at all times to avoid harming himself or others." (*Id.*) Nor was she told to update Pedro's IPOP or SAP with this information.

On April 1, 2021, Plaintiff sought medical attention for migraine headaches "caused by the stress and worry of work." (*Id.*)

Plaintiff "was informed on numerous occasions at staff meetings that the staff who are mostly Haitian did not like her." (*Id.*)

On June 21, 2021, New York Foundling terminated Plaintiff's employment for following a resident "to the store to purchase alcohol, which Plaintiff asserts she did out of fear." (*Id.* at 2.) Prior to that incident, Plaintiff was "never written up for abusing clients or for doing anything that would endanger clients." (*Id.*)

When an incident occurs at New York Foundling, a report is sent to the Justice Center, which conducts an investigation into the incident. Plaintiff alleges that the Justice Center conducted an investigation into the incident with the resident "and made a conclusion based on Hearsay." (*Id.*) Plaintiff appears to assert that the conclusion was based on hearsay because "[n]o one from the Justice Center was present at the time of the incident with [the resident]." (*Id.*)

On June 21, 2021, Plaintiff received a letter from the Justice Center informing her that their investigation was "substantiated" and that she would be terminated. (*Id.*) The investigation also "labeled Plaintiff as a Category 3, meaning she would be blacklisted from social services and could no longer work in the field." (*Id.*)

3

Plaintiff alleges that she filed a change with the U.S. Equal Employment Opportunity Commission ("EEOC") on November 3, 2021, and the EEOC issued a Notice of Right to Sue on October 21, 2022.

## DISCUSSION

### A.   Claims against the Justice Center

The Court dismisses Plaintiff's Section 1983 claims against the New York State Justice Center for the reasons stated in its August 7, 2023 order of dismissal. The Justice Center is a New York State agency and Plaintiff's claims against it are therefore barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### B.   Other Federal Claims

To the extent Plaintiff seeks to assert claims under the Sedition Act of 1798, the Court dismisses such claims as beyond the scope of the permitted amendment. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App' x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."); *Grimes v. Fremont Gen. Corp.*, 933 F. Supp. 2d 584, 597 (S.D.N.Y. 2013) (collecting cases).

In her amended complaint, Plaintiff alleges for the first time that she submitted a charge of discrimination to the EEOC and that the EEOC issued a Notice of Right to Sue letter. This allegation suggests that Plaintiff may be attempting to assert claims of employment discrimination under Title VII of the Civil Rights Act of 1964. Plaintiff, however, does not name her employer as a defendant in the amended complaint. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (the proper defendant in a Title VII action is the employer). Moreover, the amended complaint does not include any allegations suggesting that Plaintiff was fired because

4

of a protected characteristic. In any event, any such employment discrimination claim is beyond the scope of the permitted amendment. *See Salzman*, 457 F. App'x at 43. Any employment discrimination claim Plaintiff may be attempting to assert against her employer is dismissed without prejudice to filing a new lawsuit.

**C.    Defamation Claims**

Claims for defamation arise under state law. This Court, as a federal court, can only hear state law claims if it has diversity jurisdiction under 28 U.S.C. § 1332 or supplemental jurisdiction under 28 U.S.C. § 1367. To demonstrate that the Court has diversity jurisdiction to consider her state law claims, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Here, Plaintiff alleges that she is a citizen of New York and Defendant is a New York State agency. Because both Plaintiff and Defendant are citizens of New York, the Court lacks diversity jurisdiction to consider Plaintiff's state law defamation claims.

Further, a district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of Plaintiff's state law defamation claims. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the

discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses the amended complaint as barred by the Eleventh Amendment, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and as exceeding the scope of the permitted amendment.

The Court declines to exercise supplemental jurisdiction of Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   December 5, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge